**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                    :
KEITH M. PORTER,                    :
                                    :  Civil Action No. 09-6068 (RBK)
            Plaintiff,              :
                                    :
        v.                          :       **O P I N I O N**
                                    :
DEAN DOOLEY, et al.,                :
                                    :
            Defendants.             :
_____ :

**APPEARANCES:**

Keith Porter, Plaintiff, Pro Se
# 5152718/645880
Southern State Correctional Facility
4295 Route 47
Delmont ,NJ 08314

Michael E. Riley, Esq.
Law Offices of Riley and Riley
100 High Street
Suite 302
Mt Holly, NJ 08314
Attorney for Defendants Dooley, Paredes, and Clayton

**KUGLER, District Judge**

This matter arises out of Plaintiff's March 4, 2008 arrest for robbery, assault, and resisting arrest.  Plaintiff brought this § 1983 suit alleging that Defendants Dooley, Paredes, and Clayton violated his Fourth Amendment rights by using excessive force to arrest him.  Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 (docket entry 21). Defendants claim that: (1) because Plaintiff plead guilty to second-degree robbery and third-degree resisting arrest, Heck v.

Humphrey, 512 U.S. 477 (1994), precludes Plaintiff's subsequent Fourth Amendment excessive force claim; (2) Defendants are entitled to qualified immunity; and (3) Plaintiff's complaint should be dismissed for failure to comply with discovery. Plaintiff filed opposition to the motion (docket entry 38), in which he argues that summary judgment should be denied because discovery is not yet complete.  For the following reasons, Defendants' motion for summary judgment is DENIED.

**I. BACKGROUND**

This Court notes the following undisputed facts.

On November 6, 2009, Plaintiff was sentenced to five and one-half years incarceration after pleading guilty to second-degree robbery and third-degree resisting arrest.

The conviction stemmed from a robbery which occurred on March 4, 2008 on Atlantic Avenue in Atlantic City near the Irish Pub.  After the incident, the victim relayed to police dispatch that a male in a black hooded sweatshirt and dark pants was the culprit.  Police searched the area and identified Plaintiff as the suspect. Plaintiff admitted, in the factual basis for his plea, that in the course of his apprehension following the robbery, Plaintiff ran from the defendant police officers initially, then struggled with officers.  A K-9 dog was released and bit Plaintiff in the left calf.  Plaintiff spent at least one

night in a local hospital for treatment for injuries resulting from his arrest.

Plaintiff filed a section 1983 complaint against the arresting officers in this Court on December 1, 2009. In his complaint, Plaintiff alleges:

> After a chase on foot, I gave up[,] got on my hands & knees[,] put my hands behind my head & officer Frankley Parredes [sic] grab[b]ed my left arm & said I told you that you're not gonna get away. Unknown police officer said you like to steal old ladies pocket books & kicked me in the face two times. Officer Clayton & Parredes [sic] & other unknown officers com[m]enced to stomp & kick me. Officer Dean Dooley came with the dog & the dog bit me & then I was escorted by police to the hospital March 4, 2008 on Martin Luther King Blvd.

(Complt., ¶ IV).

Defendants answered the complaint on May 25, 2010. Scheduling Orders were entered for discovery, but it appears that no discovery took place prior to the filing of Defendants' Motion for Summary Judgment on February 10, 2011. Discovery motions remain outstanding on the docket.

**II. STANDARD**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the

nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. See Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party satisfies this initial burden, the nonmoving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the

4

nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 247 F. App'x 353, 354 (3d Cir. 2007) (quoting Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder, not the district court. See BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

**III. DISCUSSION**

    **A.** *Heck v. Humphrey*

Defendants argue that Heck bars Plaintiff's Fourth Amendment excessive force claim because a verdict in Plaintiff's favor in this action is incompatible with his criminal convictions. (Defs.' Brief, Point 1).[1]  Defendants claim that this § 1983 action and the criminal convictions are incompatible because

---

[1] When a plaintiff claims that police officers used excessive force "in the course of an arrest," the court should analyze the claim under the Fourth Amendment, which protects plaintiffs from unreasonable seizures. See Graham v. Connor, 490 U.S. 386, 395 (1989). Liberally construing Plaintiff's complaint, this Court construes his claim as a Fourth Amendment excessive force claim under § 1983.

5

Plaintiff pled guilty to resisting arrest. Specifically, Defendants argue:

> . . . it is clear that [Plaintiff's] complaint cannot be maintained. He admitted to struggling with the Officers and creating a substantial risk of injury to them after he had been chased on foot. Porter stated something totally different in his complaint, and to allow the claim to move forward would certainly impugn his criminal conviction. The plea was knowing and voluntary and the plaintiff understood the proceedings; thus, he must be held accountable for his actions.

(Defs.' Brief, Point 1).

Defendants rely on <u>Heck</u>, wherein the Supreme Court stated that:

> [I]n order to recover damages for ... harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Heck</u>, 512 U.S. at 487 (emphasis in original). When a plaintiff is convicted of a criminal offense in state court, the federal

court must determine whether a finding in favor of the plaintiff in federal court necessarily implies the invalidity of his prior conviction in state court by comparing the elements of the state offense with the plaintiff's § 1983 claim, Nelson v. Jashurek, 109 F.3d 142, 145 (3d Cir. 1997), and examining which questions were put before the jury in the criminal action, Lora-Pena v. FBI, 529 F.3d 503, 506 (3d Cir. 2008).

In Lora-Pena, a § 1983 action,[2] the plaintiff was convicted of resisting arrest and assaulting federal officers during a criminal trial in federal court. See Lora-Pena, 529 F.3d at 505. During that trial, the arresting officers testified that the plaintiff had scratched, clawed, and punched them and had "us[ed] his two pit bulls to assault two deputy United States Marshals." Id. One arresting officer admitted that he had struck the plaintiff, but only to the extent necessary to subdue him. See id. At the conclusion of the trial, the court did not ask the jury to decide whether the officers had used excessive force when they arrested the plaintiff. See id. at 506. In a subsequent § 1983 action, the plaintiff alleged that the officers used excessive force during the arrest because they "repeatedly punched and kicked him after he fell to the floor." Id. at 505.

---

[2] Although Lora-Pena involved both § 1983 and Bivens claims, see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Third Circuit analyzed the claims together, Lora-Pena, 529 F.3d at 505 n.2.

The Third Circuit found that because "the question of whether the officers used excessive force was not put before the jury[,] ... [the plaintiff's] convictions for resisting arrest and assaulting officers would not be inconsistent with a holding that the officers, during a lawful arrest, used excessive (or unlawful) force in response to his own unlawful actions." Id. at 506 (emphasis added).  The court concluded that because the convictions and the excessive force claim were not inconsistent, Heck did not bar the plaintiff's claims.  See id.

Likewise, Heck does not bar Plaintiff's claim.  Similar to the plaintiff in Lora-Pena, who was convicted of resisting arrest and assaulting federal officers, Plaintiff was convicted of resisting arrest in violation of N.J. Stat. Ann. § 2C:29-2(a).  Just as the judge who presided over the plaintiff's criminal trial in Lora-Pena did not put the question of excessive force before the jury, here, the judge taking Plaintiff's plea did not elicit any factual basis as to the unlawful use of excessive force.[3]

---

[3] During the plea, taken July 27, 2009, and attached to Defendants' Certification of Counsel as Exhibit 2, Plaintiff answered in the affirmative when the judge taking his factual basis for the resisting arrest charge asked if he ran when defendant Paredes tried to arrest him, and that after he ran, and defendant Paredes caught up to him, he struggled with the officer, creating a substantial risk of some physical injury to the officer.

Thus, just as the defendants in <u>Lora-Pena</u> could have reacted to the plaintiff's illegal conduct with excessive force, it is possible that Defendants reacted to Plaintiff's illegal conduct with excessive force. Because Plaintiff's conviction in state court is not inconsistent with a finding that Defendants used excessive force to arrest him, <u>Heck</u> does not bar Plaintiff's § 1983 claim.

**B.   Qualified Immunity**

Qualified immunity protects officers from liability when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). To determine whether qualified immunity applies, "[f]irst, the [C]ourt must consider whether the facts alleged, taken in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right." <u>Kopec v. Tate</u>, 361 F.3d 772, 776 (3d Cir. 2004). Second, "if a violation could be made out on a favorable view of the parties' submissions, the [Court must] ask whether the right was clearly established." <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001)). A right is clearly established when "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." <u>Id.</u> The Court should not grant summary judgment on the basis of qualified immunity when disputed issues of historic fact are

9

"material to the objective reasonableness of an officer's conduct[.]" Curley v. Klem, 298 F.3d 271, 278 (3d Cir. 2002). Material issues of disputed, historical fact "give rise to a jury issue." Id.

### 1. **Violation of a Constitutional Right**

The Fourth Amendment prohibits police officers from using excessive force to arrest a suspect. See Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999). To prove a Fourth Amendment excessive force claim, a plaintiff must show that (1) a seizure occurred and (2) the seizure was unreasonable. See id. Here, there is no dispute that Defendants seized Plaintiff. In determining whether the seizure was reasonable, the Court must apply the "perspective of a reasonable officer on the scene[.]" Graham, 490 U.S. at 396. As the Third Circuit explained in Couden v. Duffy, 446 F.3d 483 (3d Cir. 2006), the district court must:

> determine the objective reasonableness of the challenged conduct, considering the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, ... whether he is actively resisting arrest or attempting to evade arrest by flight[,] ... the duration of the [officer's] action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time.

Id. at 496-97 (citations omitted) (internal quotation marks omitted). Serious physical injury is not a necessary prerequisite to an excessive force claim. See Sharrar v.

10

Felsing, 128 F.3d 810, 822 (3d Cir. 1997). Beating a suspect after the suspect is subdued may constitute excessive force. Barker v. Keezer, No. 08-1487, 2010 U.S. Dist. LEXIS 68995, at *8-9, 2010 WL 2760728 (D.N.J. July 8, 2010) ("Barker claims that ... Detective Keezer beat him about the head and body and repeatedly slammed his head into the pavement after he had already been handcuffed ... and was lying on the ground.... Therefore, a fact-finder, accepting Barker's version of the events as true, could conclude that Detective Keezer used excessive force in effectuating Barker's arrest and violated Barker's Fourth Amendment rights."); Hurt v. City of Atlantic City, No. 08-3053, 2010 U.S. Dist. LEXIS 16383, at *25-27, 2010 WL 703193 (D.N.J. Feb. 24, 2010) ("[I]t is for the jury to determine whether Officer Timek and Officer Warner physically assaulted Plaintiff after he was handcuffed and subdued on the ground. Because resolution of these issues implicates 'disputes over facts that might affect the outcome of the suit under the governing law,' summary judgment is not appropriate ...." (citations omitted)).

Viewing the facts alleged in the light most favorable to Plaintiff, a reasonable jury could conclude that Defendants used excessive force in violation of the Fourth Amendment by beating Plaintiff and releasing the K-9 after he was subdued. The Complaint alleges that Officer Paredes kicked him in the face two

11

times after Plaintiff got on his hands and knees and put his hands behind his head, and that Officer Clayton and Paredes stomped and kicked him. Officer Dooley then came with the dog, who bit him. (Compl. ¶ IV, Certification of Counsel, Exhibit 1).[4]

While Defendants argue that "there is no evidence to support that the force was used maliciously to cause harm to Porter," (Brief, Point 1), there is also no evidence to the contrary. There is no record of any depositions having taken place in this matter. Further, besides some evidence in the record, by both parties, that Plaintiff was admitted to the hospital for the night with a dog bite on his leg, Defendant have not relayed the extent of injuries to Plaintiff, nor provided medical records. Here, Plaintiff's overnight stay at the hospital, and the undisputed fact that Plaintiff was bit in the leg by the K-9, are

---

[4] In evaluating qualified immunity on a motion for summary judgment, courts usually take allegations in the light most favorable to the plaintiff by "adopting ... the plaintiff's version of the facts." Scott v. Harris, 550 U.S. 372, 378 (2007). However, because Heck precludes a verdict to the extent that it contradicts the elements of Plaintiff's crimes, Nelson, 109 F.3d at 146, the Court should "not draw inferences in Plaintiff's favor that would necessarily negate [his criminal convictions,]" Ference v. Twp. of Hamilton, 538 F. Supp.2d 785, 789 (D.N.J. 2008). Here, adopting Plaintiff's version of the facts, Plaintiff admitted at his plea that he ran from officers and struggled with the officers to get away. However, it appears that such resisting arrest occurred prior to the alleged instances of excessive force. Thus, Heck is not implicated as Plaintiff's factual basis for his resisting arrest charge is not in question.

not so inconsistent with Plaintiff's story that they necessitate a finding for Defendants.

The record provided by Defendants includes police reports, which assert that Plaintiff was not obeying commands of officers, and that they could not place Plaintiff into handcuffs due to his unwillingness to comply.  However, this fact is disputed by Plaintiff in his complaint.  There is not sufficient undisputed facts presented to this Court to determine that Defendants are entitled to summary judgment in response to Plaintiff's claim that his Fourth Amendment rights were violated by the use of excessive force after Plaintiff had been subdued.

### 2. Clearly Established Right

Having determined that a reasonable jury could conclude that Defendants violated Plaintiff's constitutional rights, the Court must determined whether those rights were clearly established at the time Defendants engaged in the allegedly unconstitutional conduct.  The inquiry into whether a constitutional right is clearly established "must be undertaken in light of the specific context of the case[.]"  Saucier, 533 U.S. at 201.  A right is clearly established when "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Id. at 202.  The Court must assess whether the right was clearly established at the time the officers acted.  Anderson v. Creighton, 483 U.S. 635, 639 (1987).

Defendants arrested Plaintiff in 2008.  In 2008, it was well-established that beating a subdued arrestee was a constitutional violation.  In 2008, Defendants would have known that such actions were unlawful.  Therefore, it is inappropriate for the Court to grant Defendants summary judgment at this juncture.

**IV. CONCLUSION**

For the reasons stated above, Defendants' motion for summary judgment is DENIED.  An appropriate Order shall enter.

<u>s/Robert B. Kugler</u>
ROBERT B. KUGLER
United States District Judge

Dated: September 6, 2011